CARLTON, J.,
dissenting.
1126. The indicted acts of the Gregory Wayne Hudson reflect a spirit of wanton and reckless disregard for the safety of others. Therefore, I respectfully dissent and would affirm the jury verdict. I disagree with the majority’s finding that the jury was not properly instructed. The majority finds that the trial judge erred in failing to instruct the jury as to a portion of a defense-requested instruction requiring the jury to consider the defendant’s use of drugs prior to the accident only if the jury found the defendant to be under the influence at the time of the collision. I respectfully submit that the trial judge properly denied the defendant’s requested instruction as to “being under the influence” since the indictment contains no such allegation or requirement of proof.
¶ 27. Hudson was not indicted for being under the influence of an intoxicating substance; therefore, an instruction that allowed the jury to find such a fact constitutes an improper amendment of the indictment. See Edwards v. State, 737 So.2d 275, 293(¶ 28) (Miss.1999) (amending the substance of an indictment through jury instructions is reversible error). The indictment charged Hudson with committing culpable-negligence manslaughter by exhibiting a wanton disregard of, or utter indifference to, the safety of human life. Hudson was not indicted for being under the influence of intoxicants or drugs. Therefore, the trial judge would have been in error if he had required the jury to find an act distinct from the acts charged in the indictment before considering the evidence of Hudson’s ingestion of controlled substances in conjunction with the other charged acts of speeding, driving on the wrong side of a public road, and causing a collision.
¶28. Rule 404(b) of the Mississippi Rules of Evidence excludes evidence of other “crimes, wrongs, or acts” to prove that a defendant acted in conformity with the crime charged. Offenses or acts that are an interrelated series of events fall outside the proscription of Rule 404(b), even if not contained in the indictment. Jackson v. State, 689 So.2d 760, 768 (Miss.1997) (finding that other wrongs during an episode resulting in the defendant’s arrest were probative and admissible). In contrast, the indictment herein charged Hudson with an interrelated series of events, and the trial judge properly allowed into evidence proof of this course of conduct. I respectfully submit that our jurisprudence supports the admission of evidence reflecting on Hudson’s degree of culpability with *1200 respect to his negligence and reckless disregard for the safety of others. The evidence of Hudson’s speeding on the wrong side of a public roadway after having ingested barbiturates, amphetamine, and methamphetamine, considered in toto, with all the indicted acts, combine to reflect a spirit of disregard for the safety of others on the roadway. See Cutshall v. State, 203 Miss. 553, 561, 35 So.2d 318, 321 (1948) (finding the defendant’s entire conduct, prior to and subsequent to the collision, admissible, as evidence of “a spirit of a wanton disregard for the safety of others”). The majority opinion conditions the relevancy of the ingestion upon a showing of influence. However, such a requirement of proof is beyond the indictment.
¶ 29. In this case, I respectfully submit that Hudson’s knowing act of ingesting controlled substances, without proof of the unindicted requirement of his being “under the influence” of the substances, considered with the other indicted acts of speeding on the wrong side of a public road, reflected an overall spirit of Hudson’s wanton disregard for the safety of others.
¶ 30. Evidence of other crimes or wrongs is admissible when so clearly interrelated to the crime charged as to form a single transaction or closely-related series of transactions. Mackbee v. State, 575 So.2d 16, 27 (Miss.1990). Here, the indictment charged Hudson with interrelated acts. In this case, the ingestion of the controlled substances is charged in the indictment; hence, the evidence of Hudson’s ingestion of the substances was properly admitted. The majority opinion fails to acknowledge the probative value of the ingestion or the propriety of charging the ingestion as part of the indictment unless the jury first finds that the defendant was under the influence of the intoxicating substances. However, the ingestion of the substances, as charged in the indictment, reflects a spirit of wanton disregard for the safety of others, and a showing of “under the influence” is not a separate element of the crime charged.
¶ 31. Because I find no error in the trial court’s denial of jury instruction D-3, I would affirm the judgment of the trial court..
LEE AND MYERS, P.JJ., JOIN THIS OPINION.